J-S19018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE:  G.V.K.<br><br>APPEAL OF:  D.M.F. | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br>No. 1912 MDA 2016 |

Appeal from the Order Entered October 21, 2016
In the Court of Common Pleas of Berks County
Orphans' Court at No(s): 84539

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 17, 2017**

D.M.F. (Mother) appeals from the October 21, 2016 order that granted the petition filed by the Berks County Children & Youth Services (BCCYS) to involuntarily terminate her parental rights to G.V.K. (Child), born in April of 2008.[1]  We affirm.

On appeal, Mother presents the following issues for our review:

A.   Whether the trial court erred as a matter of law and/or abused its discretion by admitting the [BCCYS] summary packet which included eighty[-]three (83) exhibits because the exhibits were submitted for the truth of the matter asserted therein, contained medical/psychiatric opinions and diagnosis, and did not fall under any hearsay exceptions?

B.   Whether the trial court erred and/or abused its discretion in terminating [Mother's] parental rights in that [BCCYS] failed to show that [it] made reasonable effort to work toward the goal of

---

[*] Former Justice specially assigned to the Superior Court.

[1] It appears that J.K. (Father) has signed a consent to the termination of his parental rights.  He is not a party to this appeal.

reunification and provide sufficient support for [Mother] to enable reunification?

C. Whether [BCCYS] failed to prove by clear and convincing evidence the elements of 23 [Pa.C.S. §] 2511(a)(2) because the evidence submitted at the termination hearings was insufficient to prove the statutory requirements of the section listed above?

D. Whether the trial court erred as a matter of law and/or abused its discretion by terminating [Mother's] parental rights in that the evidence at the termination hearings failed to show that the needs and welfare of the Child are best served by the termination especially where BCCYS failed to submit any evidence regarding the bond between Mother and Child?

Mother's brief at 5.

We review an order terminating parental rights in accordance with the following standard:

When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence. Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand. Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that we would give to a jury verdict. We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.

*In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009) (quoting *In re S.H.*, 879 A.2d 802, 805 (Pa. Super. 2005)). The burden is upon the petitioner to prove by clear and convincing evidence that its asserted grounds for seeking the termination of parental rights are valid. *R.N.J.*, 985 A.2d at 276. Moreover, we have explained that:

> The standard of clear and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue."

*Id.* (quoting *In re J.L.C. & J.R.C.*, 837 A.2d 1247, 1251 (Pa. Super. 2003)). The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all credibility determinations and resolve conflicts in the evidence. *In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004). If competent evidence supports the trial court's findings, we will affirm even if the record could also support the opposite result. *In re Adoption of T.B.B.,* 835 A.2d 387, 394 (Pa. Super. 2003).

With regard to her first issue, Mother contends that the trial court committed reversible error when, over a general hearsay objection, it granted the admission of BCCYS's summary packet that contained 83 exhibits, including medical/psychiatric opinions and diagnosis, which do not come within any hearsay exceptions. In response to this argument, the trial court stated:

> Mother challenged the entire packet of exhibits on the grounds of hearsay. We took judicial notice of the [c]ourt orders in this case. We admitted the documents from BCCYS as the agency's business records and we had testimony from the BCCYS caseworker. We did not abuse our discretion in admitting this evidence. *See generally* <u>Commonwealth v. Wood</u>, 637 A.2d 1335, 1349 (Pa. Super. 1994). As for the expert report, Dr. Larry Rotenberg testified during the October 21, 2016 hearing.

J-S19018-17

Trial Court Opinion (TCO), 12/8/16, at 1 n.2.[2]

When reviewing an issue concerning the admissibility of evidence, we are guided by the following:

> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.
>
> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Schoff*, 911 A.2d 147, 154 (Pa. Super. 2006) (quoting

*Commonwealth v. Levanduski*, 907 A.2d 3, 13-14 (Pa. Super. 2006) (*en*

*banc*) (internal citations omitted)).

Our review reveals that as to the medical reports contained in the packet, the trial court indicated that it was only relying on Dr. Rotenberg's medical report in light of the doctor's testimony and that it was not considering other medical reports submitted. *See* N.T., 10/21/16, at 5; TCO

---

[2] The guardian ad litem points out in his brief that the trial court appeared to admit the entire packet of exhibits at the first hearing which was held on September 19, 2016, *see* N.T., 9/19/16, at 35, but that at the second hearing on October 21, 2016, the court indicated that it would only consider Dr. Rotenberg's expert testimony and report and no other medical reports contained in the packet, *see* N.T., 10/21/16, at 5.

- 4 -

at 1 n.2. Interestingly, in her brief Mother acknowledges Dr. Rotenberg's testimony and states that she "did not object to the admission of his report, marked Exhibit 80." Mother's brief at 22 n.5. Thus, the trial court's reliance on only Dr. Rotenberg's testimony and report and on no other medical evidence undercuts Mother's assertions about errors in the admission of medical opinions and reports. Thus, we conclude that the trial court did not commit an error in this regard.

As for the court's taking judicial notice of the exhibits that are court orders, a court may take judicial notice "of an adjudicative fact[.]" Pa.R.E. 201(a). Moreover, a "court may judicially notice a fact that is not subject to reasonable dispute because it: … (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b)(2). Court orders fall within this category, particularly because if Mother, who was a party to the prior proceedings, had questioned the prior orders she could have raised her objections in an appropriate appeal. **See V.B. v. J.E.B.**, 55 A.3d 1193, 1206 (Pa. Super. 2012) (this Court found "no basis to disturb the [trial] court's decision to take judicial notice of the **fact** that it ruled against [s]tepmother in a prior custody dispute") (emphasis in original). Thus, we conclude that the trial court did not abuse its discretion by taking judicial notice of the court orders contained in BCCYS's packet of documents.

Next, we consider the court's admission of some of the exhibits as business records. **See** Pa.R.E. 803(6) ("Records of a Regularly Conducted Activity"). Mother recognizes that some of the exhibits were reports from providers contracting with Berks County to provide services and, as such, they could have been authenticated by certification. **See** Pa.R.E. 902 ("Evidence That is Self-Authenticating"). Although we do not disagree that certification is a proper avenue to authenticate documents, Mother has failed to identify any of the 83 exhibits that were submitted for admission that she claims could have been certified for admission. In fact, other than identifying Dr. Rotenberg's report as Exhibit 80, Mother's discussion does not identify any particular exhibit; nor does she name the basis or reason why any specific exhibit or part thereof should be deemed hearsay and should not have been considered as evidence in this matter. Copies of the exhibits are contained in the record by attachment to the transcript of the October 21, 2016 hearing and run from page 54 to page 127 of that transcript. It is not this Court's duty to comb the record and identify the reason why each exhibit should or should not have been admitted. Moreover, a careful review of these exhibits reveals that a large number of the 83 exhibits are **not** contained in the record, namely, Exhibits 1-4, 18-48, 52-69, and 82. "It is [an a]ppellant's duty to ensure that this Court is provided a complete certified record to ensure proper appellate review; a failure to ensure a complete certified record may render the issue waived." **Commonwealth**

- 6 -

*v. Whitaker*, 878 A.2d 914, 922 (Pa. Super. 2005). Therefore, based upon both Mother's failure to ensure the inclusion of many of the exhibits and to identify more specifically the basis for her objections as to each exhibit, we are compelled to conclude that she has waived this issue. We will not act as counsel for Mother or attempt to ensure that missing evidence in the record is recovered to aid in our ability to conduct a meaningful review of this issue. *See In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012); *see also Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the comprehensive opinion authored by the Honorable Jill Gehman Koestel of the Court of Common Pleas of Berks County, filed on December 8, 2016. We conclude that Judge Koestel's well-reasoned opinion correctly disposes of the second, third and fourth issues raised by Mother in this appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Koestel's opinion as our own and affirm the October 21, 2016 order on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2017

- 7 -